IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ONSRI CLARK, | ) | 8:17-cv-405 |
| | ) | |
| Plaintiff, | ) | |
| | ) | BRIEF IN OPPOSITION TO |
| vs. | ) | DEFENDANT'S MOTION TO |
| | ) | DISMISS |
| SARPY COUNTY, | ) | |
| | ) | |
| Defendant. | | |

**Introduction**

Plaintiff has met her burden of excusable neglect through prompt service upon on the defendant after receiving the order to show cause and by plaintiff's counsel candor to the tribunal as to the cause of the delay in service. Plaintiff also served the summons upon the county clerk. Furthermore, her state law claims are timely.

**Facts**

1. Plaintiff received an order to show cause in this case from the Magistrate Judge on January 29, 2018.

2. Plaintiff filed a request for summons on January 30, 2018. (Affidavit of Jon Rehm, Ex. 4)

3. Plaintiff served a copy of the summons to 1210 Golden Gate Dr, Papillion,.NE 68046 (Ex 5: pg 2; Ex 6, Copy of Summons)

4. The address for the Sarpy County Clerk listed on their website is 1210 Golden Gate Dr. #1250, Papillion, NE 68406-2894.(Ex 7)

5. Plaintiff's counsel explained to the court that he mistakenly believed the service deadline was 120 days rather than 90 days. (Ex 4)

20015085.2

**Argument**

    **Excusable neglect**

The plaintiff showed good cause for excusable neglect. Plaintiff believes that Kurka v. Iowa Cty, 628 F. 3d 953 (8th Cir. 2010) is the correct case to analyze this issue. But the plaintiff believes that the defendant misstates the applicable rule in Kurka. Plaintiff believes the correct standardsfor excusable neglect is:

> "We have described excusable neglect as "an `elastic concept' that empowers courts to" provide relief where a party's failure to meet a deadline is "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices,* 600 F.3d 934, 946 (8th Cir.2010) (reviewing excusable neglect under Fed.R.Civ.P. 6(b)) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). "The determination of whether neglect is excusable `is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" Id.
>
> In determining whether neglect is excusable, the following factors are particularly important: (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith. See Pioneer Inv. Servs. Co., 507 U.S. at 395, 113 S.Ct. 1489; In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig., 496 F.3d 863, 866 (8th Cir. 2007) (citation omitted). These factors do not bear equal weight as the reason for delay is generally a key factor in the analysis. See In re Guidant Corp., 496 F.3d at 867.
>
> Because the judicial preference for adjudication on the merits, which goes to the fundamental fairness of the adjudicatory process, is implicated here, the district court must weigh the effect on the party requesting the extension against the prejudice to the defendant. See *Chorosevic,* 600 F.3d at 947"

At its core, the issue of excusable neglect is an equitable issue. As such the legal analysis used by the plaintiff to show cause to the Magistrate Judge is applicable in this case as well. The reason the court failed to find excusable neglect in the *Kurka* case is 1) plaintiff's failure to diligently address the error when discovered and 2) lying to the court about a scheduling order. Kurka, 628

20015085.2

F. 3d 953, 956, 959-960. This case is distinguishable in that plaintiff served the defendant within 3 days of the good cause notice (Ex 5) and was candid with this tribunal about what happened. (Ex 4) Because of the statute of limitations involved with a NFEPA/EEOC case, a failure to serve in a timely manner will usually be fatal. But seeing how the claims in this case have already been through the administrative process, it is difficult to see how he a 3 day extension in service of this claim would prejudice the defendant. The defendant can still defend this case on the merits and such a determination is the preference of courts. Chorosevic, supra

**Service under FRCP 4(m)**

FRCP 4(m)(2)(B) allows for service in the manner allowed for under state law. Neb. Rev. Stat. §48-510.02 (2) allows for summons to be served upon a county if it is sent to the clerk or chief executive of the county. The address for the County Clerk (Ex 7) is materially the same as the address listed in the summons. (Ex 7) The argument that the county didn't the summons lacks credibility. Furthermore, under Neb. Rev. Stat. 48-1126 political subdivisions can be sued under the NFEPA in the same manner as any other employers. Under Neb. Rev. Stat. 25-509.01 service by certified mail at the defendant's principal place of business is sufficient service. The NFEPA doesn't distinguish between political subdivisions and private employers in the manner of how they are sued. 48-1126 would indicate that any special protections political subdivisions have from general civil litigation don't apply under NFEPA.

**Statute of Limitations on State Law Claim**

The plaintiff can bring a claim under *Neb. Rev. Stat. §20-148* which does not require an exhaustion of remedies. Plaintiff does not need to specifically mention *20-148* in her pleadings. Trimble v. BNSF Ry. Co., 2008 WL 2795863 at 3 (D.Neb. 2008) The discrimination in this case was ongoing until plaintiff was terminated by the defendant, as such plaintiff's charges of discrimination under NFEPA were timely.

ONSRI CLARK, Plaintiff

REHM, BENNETT & MOORE, P.C., L.L.O.
3701 Union Dr., #200
Lincoln, NE 68516
(402) 420-1400
E-mail: rodrehm@rehmlaw.com

For the firm: **s/Jon Rehm**
Jon Rehm #23097

20015085.2