**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| ONSRI CLARK, | ) |
|         Plaintiff, | ) Case No. 8:17-cv-00405 |
| vs. | ) **DEFENDANT SARPY COUNTY'S** |
| | ) **BRIEF IN REPLY TO PLAINTIFF'S** |
| SARPY COUNTY, | ) **BRIEF IN OPPOSITION TO** |
| | ) **DEFENDANT'S MOTION TO DISMISS** |
|         Defendant. | ) |

Defendant Sarpy County, Nebraska ("Sarpy County"), respectfully submits this Brief in Reply to Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss.

**RELEVANT PROCEDURAL HISTORY**

On or about May 17, 2016, Onsri Clark ("Plaintiff") filed a Charge of Discrimination against Sarpy County with the Nebraska Equal Opportunity Commission ("NEOC") and the Equal Employment Opportunity Commission ("EEOC"). On March 21, 2017, the NEOC provided Plaintiff with a Commission Determination letter stating that the evidence failed to support the allegations of discrimination and finding no reasonable cause for her claims. (Doc. No. 12-1, Ex. 1). On July 25, 2017, the EEOC issued Plaintiff a Dismissal and Notice of Rights ("EEOC Notice"), advising Plaintiff that the EEOC had also concluded its investigation, and was adopting the findings of the NEOC. (Doc. No. 12-1, Ex. 2).

On October 23, 2017, Plaintiff filed a Complaint (Doc. No. 1) against Sarpy County. Plaintiff's 90-day deadline to serve the Complaint under Federal Rule of Civil Procedure 4(m) passed on January 21, 2018. On January 29, 2018, this Court entered an Order to Show Cause "why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or for want of prosecution. (Doc. No. 4). On February 19, 2018, Plaintiff's counsel filed an affidavit in response to the Order to Show Cause. (Doc. No. 8). On February 22, 2018, Magistrate Judge

Michael D. Nelson entered a Text Order on the docket finding that Plaintiff had made a showing of good cause for the failure to timely serve Sarpy County, and that Sarpy County had been served. (Doc. No. 9). The Order was entered on the day that Sarpy County's response to the Complaint would have been due had it been properly served.

Later that same day, and prior to receiving notice of the Court's Order, Sarpy County filed its Motion to Dismiss the Plaintiff's Complaint. (Doc. No. 10). The next day, February 23, 2018, Sarpy County entered a Statement of Objections to the Magistrate Judge's Order because Plaintiff had not made a showing of good cause and because Plaintiff had not yet served Sarpy County, as Plaintiff claimed. (Doc. No. 14). On March 22, 2018, Plaintiff filed a Brief in Opposition to Defendant's Motion to Dismiss. (Doc. No. 17). Plaintiff has not filed any response to Sarpy County's Statement of Objections to the Magistrate Judge's Order.

## ARGUMENT

**I.     Plaintiff has not made a showing of excusable neglect.**

In her Brief, Plaintiff appears to concede that she cannot make a showing of "good cause," so as to warrant a mandatory extension of time. (Doc. No. 17). Instead, Plaintiff focuses solely on the concept of alleged "excusable neglect" to justify her failure to timely serve Sarpy County under Federal Rule of Civil Procedure 4(m). (Doc. No. 17). As the Eighth Circuit Court of Appeals has explained, a plaintiff may in some circumstances be granted a discretionary extension of time in which to effect service under Rule 4(m) upon a showing excusable neglect. *Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) ("To warrant a discretionary extension, the plaintiff must establish excusable neglect.").

"In determining whether neglect is excusable, the following factors are particularly important: (1) the possibility of prejudice to the defendant, (2) the length of the delay and the

potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Id.* at 959. "These factors do not bear equal weight as ***the reason for delay is generally a key factor in the analysis***." *Id.*

Looking to the key factor, namely, the reason for delay, Plaintiff's counsel has stated that the delay was attributable to his failure to understand that Rule 4(m) was amended more than two years ago to require service in 90 days. (Doc. No. 8 at 1; Doc. No. 17 at 1). This hardly demonstrates excusable neglect. Indeed, the very case upon which Plaintiff seeks to rely demonstrates that such facts will not support a finding of good cause. *Fleming v. Colvin*, Case No. 16-cv-00162-LHK (N.D. Cal. June 13, 2016) ("[A]n attorney's ignorance of the rules, oversight, inadvertence, or mistake does not rise to the level of excusable neglect.").

Plaintiff has made no effort to distinguish this case from *Colasante v. Wells Fargo Corp.*, 211 F.R.D. 555, 557 (S.D. Iowa 2002), *aff'd sub nom. Colasante v. Wells Fargo Corp.*, 81 F. App'x 611 (8th Cir. 2003), which arises from a remarkably similar set of circumstances and which was discussed at length in Sarpy County's Opening Brief. (*See* Doc. No. 11 at 10-13). Likewise, Plaintiff has made no effort to distinguish this case from the number of other cases in the Eighth Circuit Court of Appeals and District Courts throughout the Eighth Circuit which addressed similar facts to those at issue here and found it appropriate to enter an order of dismissal for failure to comply with Rule 4(m). (*See* Doc. No. 11 at 13) (citing *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882 (8th Cir. 1996); *Ouzts v. Cummins*, 825 F.2d 1276, 1278 (8th Cir. 1987); *Swaroff v. Berryhill*, Case No. 4:17CV3063, 2017 WL 4736720, at *2 (D. Neb. Oct. 20, 2017); *Barfield v. Bar*, Case No. 8:16CV21, 2016 WL 3578990, at *1 (D. Neb. June 8, 2016); *Brandy v. Joe's Cafe Mexican Restaurant*, 8:16CV66, 2016 WL 3456839, at

3

*1-2 (D. Neb. 2016); *Lund v. Matthews*, Case No. 8:13CV144, 2014 WL 2681703 (D. Neb. 2014); *Metcalf v. City of Minneapolis*, No. CIV. 11-3023 ADM/LIB, 2012 WL 2357573 (D. Minn. June 20, 2012)).

Instead, Plaintiff relies upon only one case, namely, *Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010), and claims that her situation is distinguishable. In *Kurka*, the plaintiff filed her Complaint, but it was not timely served. *Id.* at 955. Subsequently, the plaintiff's counsel reached out to counsel for the Defendant County to prepare a joint scheduling order, and the County attorney advised that the county was unaware of any court action. *Id.* The plaintiff's counsel investigated and discovered that the Clerk of Court had failed to issue a summons, as required. *Id.* After prompting, the Clerk issued the summons. *Id.* The plaintiff's attorney submitted a proposed scheduling order and discovery plan to the court, stating "[c]ounsel have conferred and submit the following case information and proposed dates for case management." *Id.* However, the document had not been jointly prepared and submitted. *Id.* The County filed a motion to dismiss for failure to serve timely process. *Id.* The Court granted the County's motion, despite the Clerk's failure to issue a summons and the lack of prejudice to the County, due to the plaintiff's lack of diligence and failure to be forthright about the scheduling order. *Id.* at 959. The Eighth Circuit affirmed after recognizing that a court's decision to grant or deny an extension under Rule 4(m) based upon excusable neglect is purely discretionary. *Id.* at 959-60.

The facts at issue in the instant action, like *Kurka*, show Plaintiff's lack of diligence and failure to be completely forthright with this Court. First Plaintiff filed her state claims out of time, then Plaintiff filed her federal claims so close to the cut off that she risked her claims being time barred if not properly served. Then, she failed to effect timely service. After this Court entered an Order to Show Cause, Plaintiff did not file a motion for extension of time or make a

4

showing of good cause for her failure to effect service. Instead, Plaintiff attempted to effect service out of time. However, as discussed more below, Plaintiff failed to properly prepare her Summons and failed to properly serve Sarpy County. Plaintiff now continues to assert that she "served the defendant within 3 days of the good cause notice," (Doc. No. 17 at 3), even though the evidence clearly demonstrates that Plaintiff actually served an office of the State of Nebraska and has never served the Sarpy County Clerk or anyone in the Sarpy County Clerk's office. (Doc. No. 12-2 at ¶¶ 1-5; Doc. No. 12-3 at ¶¶ 3-4). Here, as in *Kurka*, the Court should find that Plaintiff has not made a showing of excusable neglect entitling her to a discretionary extension.

## II. Plaintiff failed to properly complete the Summons and serve Sarpy County.

### A. Service under Neb. Rev. Stat. § 25-510.02

Although she cites to an old version of the Rule, in her Brief, Plaintiff recognizes that Federal Rule of Civil Procedure 4 allows for service in the manner allowed under state law. In turn, Nebraska law provides that "[a]ny county, city, or village of this state may be served by personal, residence, certified mail, or designated delivery service upon the chief executive officer or clerk." Neb. Rev. Stat. § 25-510.02(2).

Plaintiff argues that "[t]he address for the County Clerk . . . is materially the same as the address listed in the Summons. . . . The argument that the county didn't [sic] the summons lacks credibility." (Doc. No. 17 at 3). It is unclear exactly what Plaintiff is arguing here, but it appears that she is suggesting that service to a State office near the Sarpy County Clerk's office is "close enough." Moreover, it appears that Plaintiff is implying that the Judicial Administrator, a State employee who works for the County Court for Sarpy County, is not being truthful in her sworn statement. The Judicial Administrator averred that the Summons was served upon the Clerk of the County Court for Sarpy County, a State office (Doc. No. 12-2 at ¶ 3), and then the Summons

5

was provided to the Sarpy County Human Resources Department (Doc. No. 12-2 at ¶ 6), which is another one of the many offices within the campus located at 1261 Golden Gate Drive. Moreover, Plaintiff appears to suggest that the Sarpy County Clerk is also being dishonest in her sworn statement that neither herself, nor anyone in the Sarpy County Clerk's office, has been served with or received, the Summons or Complaint in this action. (Doc. No. 12-3 at ¶¶ 3-4).

However, Plaintiff does not dispute that she failed to address the Summons to the Sarpy County Clerk, and instead addressed the Summons generally to "Sarpy County." Plaintiff also does not dispute that she failed to include the suite number for the Sarpy County Clerk on the Summons, such that the United States Postal Service was left to guess as to which of the approximately 30 offices located at 1261 Golden Gate Drive should receive service. Finally, Plaintiff cannot dispute that the Summons was actually served upon DyAnn Schmiedt, who is employed by the State of Nebraska at the Clerk of the County Court for Sarpy County. (Doc. No. 7 at 2; Doc. No. 12-2 at ¶ 5). Consequently, it is difficult to understand why Plaintiff would argue that the Clerk of the County Court for Sarpy County, a State office, should have known which office within Sarpy County should receive the Summons and Complaint, when Plaintiff herself did not bother to list the Sarpy County Clerk, or even the suite number for the Sarpy County Clerk that is shown on the website printout included with Plaintiff's response (Doc. No. 17-4), on the Summons. For this same reason, it is also difficult to understand why Plaintiff believes the argument that the Sarpy County Clerk did not receive the Summons or Complaint "lacks credibility."

Regardless, it is Plaintiff's burden to provide this Court with prima facie evidence that there was sufficient process and service of process." *Wright v. Colvin*, No. 8:12CV425, 2014 WL 325647, at *2 (D. Neb. Jan. 29, 2014) (quoting *Seretse v. Andersen Corp.*, Case No. CIV.

6

12-CV-323 SRN, 2013 WL 2434876, at *4 (D. Minn. June 4, 2013)). The failure to strictly comply with the manner of service required under Rule 4(j) requires dismissal under Rule 12(b), even if the agency to be served has actual notice of the litigation. *See United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) (citations omitted) ("A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process and the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint."). Plaintiff has not met her burden to prove that she served the Sarpy County Clerk. As such, Plaintiff failed to properly serve Sarpy County pursuant to Neb. Rev. Stat. § 25-510.02(2).

### B. Service under Neb. Rev. Stat. § 25-509.01

Plaintiff next argues that, "under Neb. Rev. Stat. § 48-1126 political subdivisions can be sued under the NFEPA in the same manner as any other employers." (Doc. No. 17 at 3). Plaintiff then argues that "NFEPA doesn't distinguish between political subdivisions and private employers in the manner of how they are sued." (*Id.*). As such, Plaintiff appears to suggest that she could select any method of service that she wanted, and it was sufficient if she satisfied the method of service on a corporation under Neb. Rev. Stat. § 25-509.01.

At the outset, Neb. Rev. Stat. § 48-1126 states, "The state and governmental agencies created by the state may be ***sued*** upon claims arising under the Nebraska Fair Employment Practice Act in the same manner as provided by such law for suits against other employers." *Id.* (emphasis added). The statute says nothing about service. The purpose of this statute is clear. Specifically, it is a waiver of the State's sovereign immunity with respect to suits arising under the Nebraska Fair Employment Practices Act ("NFEPA"). *See, e.g.*, *Casteel v. City of Crete*, Case No. 4:16CV3166, 2017 WL 3635184, at *3 (D. Neb. Aug. 23, 2017); *Knapp v. Ruser*, 145

7

F. Supp. 3d 846, 854 (D. Neb. 2015). Plaintiff's reliance on this statute is surprising, because this statute actually provides another reason why Plaintiff's NFEPA claims must be dismissed by this Court. Specifically, the waiver of sovereign immunity provided in Neb. Rev. Stat. § 48-1126 and other statutes within NFEPA does not extend to suits in federal court. *Knapp*, 145 F. Supp. 3d at 854-55 ("Nebraska has not waived immunity to suit in federal court under the NFEPA."). As such, Plaintiff's NFEPA claims are barred under the doctrine of sovereign immunity.

Moreover, Neb. Rev. Stat. § 48-1126 does not allow a plaintiff to select any manner of service that it wishes for a defendant. Rather, NFEPA specifically requires that the case proceed "as any other civil action" in a State district court. Neb. Rev. Stat. § 48-1119(4). NFEPA does not dictate how a plaintiff must be served. Instead, Nebraska has a series of statutes that establish the applicable method of service. *See* Neb. Rev. Stat. §§ 25-505.01 through 25-516.01. Specifically, Neb. Rev. Stat. § 25-505.01(1) lists the methods of service generally allowed "[u]nless otherwise limited by statute or by the court." The following statutes then include specific limitations on service with respect to certain types of defendants. For example, the statutes provide instructions for service on an individual, Neb. Rev. Stat. § 25-508.01, service on a corporation, Neb. Rev. Stat. § 25-509.01, and service on a county, Neb. Rev. Stat. § 25-510.02. Plaintiff was not entitled to disregard the required method for service for a county when serving a lawsuit against Sarpy County under the NFEPA. There is absolutely no support for such a proposition.

Finally, even if there was some authority for the proposition that Plaintiff could serve her claim against Sarpy County using the manner of service for a corporation under Neb. Rev. Stat. §

8

25-509.01, Plaintiff has not provided prima facie evidence that she satisfied this method of service. Specifically, Neb. Rev. Stat. § 25-509.01 states,

> A corporation may be served by personal, residence, certified mail, or designated delivery service upon any officer, director, managing agent, or registered agent, or by leaving the process at the corporation's registered office with a person employed therein, or by certified mail or designated delivery service to the corporation's registered office.

*Id.* Plaintiff has provided no evidence or explanation as to how she satisfied this method of service. Moreover, it is important to note that Plaintiff's claims were filed in Federal Court and include federal claims. As such, Plaintiff was required to serve Sarpy County pursuant to Federal Rule of Civil Procedure 4(j). Plaintiff has failed to show that she properly completed the Summons and effected service under Rule 4(j). Accordingly, Plaintiff's Complaint should be dismissed without prejudice. *See Rinehart v. Cty. of Franklin*, No. 4:14CV3086, 2015 WL 1470411, at *9 (D. Neb. Mar. 31, 2015) (dismissing a plaintiff's claims against a county hospital without prejudice under Rules 12(b)(4) and 12(b)(5) because the plaintiff failed to serve the county clerk in conformance with both Rule 4(j) and Neb. Rev. Stat. § 25-510.02 and improperly identified the hospital as a d/b/a in the summons).

### III. Plaintiff cannot bring her NFEPA claims under Neb. Rev. Stat. § 20-148.

Plaintiff does not dispute that she failed to file her appeal within 90 days after the receipt of the March 21, 2017, NEOC determination letter. Instead, Plaintiff argues that she has brought her NFEPA claims under Neb. Rev. Stat. § 20-148, which does not require exhaustion of administrative remedies. (Doc. No. 17 at 4).

> The statute upon which Plaintiff seeks to rely states,
>
> Any person or company, as defined in section 49-801, ***except any political subdivision***, who subjects or causes to be subjected any citizen of this state or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the United States Constitution or the

9

> Constitution and laws of the State of Nebraska, shall be liable to such injured person in a civil action or other proper proceeding for redress brought by such injured person.

Neb. Rev. Stat. § 20-148. Thus, based upon the plain language of the statute, it does not apply to a political subdivision, such as Sarpy County. This Court has reviewed Neb. Rev. Stat. § 20-148 and has likewise held that the statute only applies to private employers. *See, e.g.*, *Biby v. Bd. of Regents of Univ. of Nebraska at Lincoln*, 340 F. Supp. 2d 1031, 1036 (D. Neb. 2004), *aff'd*, 419 F.3d 845 (8th Cir. 2005). Specifically, in *Biby*, this Court explained,

> Consistent with the plain language of the statute, prior courts have held that § 20–148 is limited only to private acts of discrimination by private employers. *See Sinn v. City of Seward*, 3 Neb.App. 59, 75, 523 N.W.2d 39, 49 (1994) (affirming trial court's determination that city cannot be sued under § 20–148); *Wiseman v. Keller*, 218 Neb. 717, 358 N.W.2d 768, 771 (1984) ("The legislative history of § 20–148 indicates that the major focus of the statute was to wipe out *private* acts of discrimination by *private* employers, *thus excluding the state*.") (emphasis added). Additionally, § 20–148 does not apply to individuals acting as public officers. *Buzek v. Pawnee Co.*, 207 F.Supp.2d 961, 965 (D. Neb.2002).
>
> Moreover, even if this statute permitted suits against the state, the suit could only be brought in state court. *See Wiseman*, 358 N.W.2d at 772 (because § 20–148 "is silent as to allowing suit in federal court and the legislative history indicates it was intended as a state remedy, we conclude that even if the statute permitted suits against the state, that suit could only be brought in state court").

*Id.* Thus, Plaintiff cannot bring her state NFEPA claims against Sarpy County under § 20-148, nor can Plaintiff bring such claims against Sarpy County in federal court.

Even if Neb. Rev. Stat. § 20-148 did apply to Sarpy County, which it does not, Plaintiff already elected to pursue her administrative remedies. (Doc. No. 1 at ¶¶ 4-5). Plaintiff was not entitled to pursue her administrative remedies and then ignore the 90-day limitation in which she was required to file her claim under Neb. Rev. Stat. § 48-1120.01. *See Freeman v. GNS Corp.*, Case No. 4:14-CV-3203, 2015 WL 4622609, at *3 n.1 (D. Neb. July 30, 2015) (explaining that any claims within the NEOC's determination will be subject to the 90-day limitation period).

10

Thus, where Plaintiff did, in fact, elect to pursue her administrative remedies, the 90-day limitations period applies, and her reliance on Neb. Rev. Stat. § 20-148 is misplaced.

Furthermore, even if Neb. Rev. Stat. § 20-148 did somehow apply, despite the fact that her NFEPA claims are brought against a county and despite the fact that she elected to pursue her administrative remedies with the NEOC, Plaintiff has still failed to allege that she satisfied the applicable statute of limitations. Specifically, when a plaintiff elects ***not*** to pursue her administrative remedies, and proceed under § 20-148, she must file her claims within the 300-day period established by Neb. Rev. Stat. § 48–1118(2). *See Adkins v. Burlington N. Santa Fe R. Co.*, 260 Neb. 156, 162, 615 N.W.2d 469, 473 (2000); *Freeman*, 2015 WL 4622609, at *3 n.1. Plaintiff has failed to allege that she brought her NFEPA claim "within three hundred days after the occurrence of the alleged unlawful employment practice," as required under Neb. Rev. Stat. § 48–1118(2).

Plaintiff's failure to make such an allegation is not inadvertent. In her Brief, she claims that "[t]he discrimination in this case was ongoing until plaintiff was terminated by the defendant, as such plaintiff's charges of discrimination were timely." (Doc. No. 17). Noticeably absent from Plaintiff's Complaint or Brief is any statement as to when this termination allegedly occurred.[1] Accordingly, where Neb. Rev. Stat. § 20-148 does not apply, and where Plaintiff has failed to allege that she has filed her Complaint within the 300-day statute of limitations to bring a claim under § 20-148, Plaintiff's NFEPA claims should be dismissed for failure to state a claim upon which relief can be granted.

---

[1] If this case were to proceed to the evidentiary phase, Sarpy County believes the evidence will show Plaintiff resigned effective November 4, 2016.

11

## CONCLUSION

Based on the foregoing, Defendant, Sarpy County, Nebraska, respectfully requests that the Court grant its Motion to Dismiss the Complaint and dismiss all claims against Sarpy County, without prejudice, at Plaintiff's cost, under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) for insufficiency of process and insufficiency of service of process. Alternatively, Defendant, Sarpy County, Nebraska, respectfully requests that the Court enter an Order dismissing Counts 2, 4, 6, and 8 of the Complaint because they are untimely and barred by the applicable Nebraska statute of limitations.

Dated this 29th day of March, 2018.

                                    SARPY COUNTY, NEBRASKA,
                                    Defendant,

                            By:    /s/ Erin Ebeler Rolf
                                     Erin Ebeler Rolf, #23923
                                     Pamela J. Bourne, #21916
                                     WOODS & AITKEN, LLP
                                     301 South 13th Street, Suite 500
                                     Lincoln, NE 68508
                                     Telephone: (402) 437-8500
                                     Facsimile: (402) 437-8558
                                     Email: eerolf@woodsaitken.com
                                                 pbourne@woodsaitken.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of March, 2018, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties' counsel of record.

                                       /s/ Erin Ebeler Rolf
                                       Erin Ebeler Rolf, # 23923