IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ONSRI CLARK,<br><br>               Plaintiff,<br><br>    vs.<br><br>SARPY COUNTY,<br><br>               Defendant. | **8:17CV405**<br><br>**FINDINGS AND**<br>**RECOMMENDATION**<br>**AND ORDER** |

      This matter comes before the Court on the Motion to Dismiss Complaint (Filing No. 10) and the Statement of Objections to Magistrate Judge's Order (Filing No. 14) filed by Defendant, Sarpy County. After consideration of the Defendant's arguments raised in both the Objection and the Motion to Dismiss, the undersigned will construe the Defendant's Objection as a motion to reconsider.[1] For the following reasons, the undersigned magistrate judge will grant Defendant's motion to reconsider, in part, and recommends that the motion to dismiss be granted, in part.

## BACKGROUND

      This action arises out of Plaintiff's, Onsri Clark ("Plaintiff"), allegations that she developed an allergy in June 2015 while working as an evidence technician for Sarpy County ("Defendant"), and that Defendant subsequently discriminated against her on the basis of her disability or perceived disability, failed to reasonably accommodate her disability, and retaliated against her for asking for a reasonable accommodation and for making a workers' compensation claim. (Filing No. 1).

      Prior to filing this action, Plaintiff filed a charge of discrimination for disability, record of a disability, and retaliation discrimination with the Nebraska Equal Opportunity Commission ("NEOC") and the Equal Employment Opportunity Commission ("EEOC"). (Filing No. 12-1 at pp. 2-4). On March 21, 2017, the NEOC issued its final determination of "no reasonable cause" and closed the charge. The NEOC letter notified Plaintiff that "[T]he deadline for filing an

---

[1] The undersigned magistrate judge notes that counsel for Defendant contacted my chambers prior to filing its Objection, and was advised by my staff to file it as an Objection rather than a motion to reconsider.

action directly in state district court is 90 days after receipt of this notice." (Filing No. 12-1 at p. 2).

On July 25, 2017, the EEOC issued and mailed to Plaintiff a "Dismissal and Notice of Rights" that adopted the NEOC's findings and closed the charge. (Filing No. 12-1 at p. 4). The EEOC dismissal also notified Plaintiff that the deadline for filing a lawsuit under federal law was 90-days from the date she received the EEOC notice.

On October 23, 2017, Plaintiff filed her Complaint and jury demand against Defendant in this court, alleging violations under the Americans with Disabilities Act ("ADA"), the Nebraska Fair Employment Practices Act ("NFEPA"), and the public policy of the state of Nebraska. Plaintiff took no further action in the case, and on January 29, 2018, this Court entered an Order directing Plaintiff to show cause why the case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve the defendant within 90-days after the Complaint was filed. (Filing No. 4).

The next day, on January 30, 2018, Plaintiff requested Summons for "Sarpy County" using the address "1210 Golden Gate Drive, Papillion, NE 68046." (Filing No. 5). On February 7, 2018, Plaintiff filed a "Proof of Service" and return receipt purporting to show that Defendant was served via Certified Mail on February 1, 2018. (Filing No. 7).

On February 19, 2018, in response to the Court's show cause order, counsel for Plaintiff filed an Affidavit averring that Plaintiff's failure to serve Defendant within 90-days was based on her "good faith in the mistaken belief" that the deadline to complete service was 120-days, and Plaintiff's counsel's failure to supervise a paralegal that has since been terminated. Plaintiff's counsel further stated that he served summons within three days of the Court's issuance of the show cause order and that Defendant would not be prejudiced by the brief delay. (Filing No. 8 at p. 1).

On February 22, 2018, the undersigned magistrate judge entered a Text Order stating that "Plaintiff has shown good cause for failure to complete service in 90-days . . . and the Defendant has now been served. Accordingly, the show cause deadline is terminated." (Filing No. 9). On February 23, 2018, Defendant filed the instant Objection (construed by the undersigned as a motion to reconsider), arguing that Plaintiff did not make a showing of good cause and that Defendant was not properly served. (Filing No. 14). On February 22, 2018, Defendant filed the instant Motion to Dismiss, arguing that there was insufficiency of process and insufficiency of

2

service of process. In the event the Court does not dismiss the Complaint in its entirety, Defendant argues that, at a minimum, Plaintiff's claims arising under the NFEPA must be dismissed for failure to file them within the applicable statute of limitations. (Filing No. 10).

## ANALYSIS

### I. Motion to Reconsider

On February 22, 2018, the undersigned magistrate judge found that Plaintiff had shown good cause for her failure to complete service in 90-days. Defendant objects to the magistrate judge's finding of good cause. In Plaintiff's brief, she does not attempt to argue good cause existed, but instead argues there was excusable neglect. (Filing No. 17 at p. 2). After consideration of Defendant's arguments, the undersigned magistrate judge agrees with Defendant, and grants Defendant's motion to that extent that it requests the Court reconsider its finding that good cause excused Plaintiff's failure to timely serve Defendant. However, the undersigned magistrate judge nevertheless finds excusable neglect existed to extend the service deadline.

A plaintiff must serve the defendant within 90-days after the complaint is filed. Fed. R. Civ. P. 4(m). If the defendant is not served within 90-days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice." *Id.* However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Under Rule 4(m), a district court must engage in a two-step analysis of motions to dismiss a complaint premised upon untimely service of process." *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 612 (8th Cir. 2003). First, "if the district court concludes there is good cause for plaintiff's failure to serve within [90] days, it *shall* extend the time for service." *Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010). "Second, if good cause is not shown, the district court still retains the discretion to grant an extension of the time for service" upon plaintiff's demonstration of "excusable neglect." *Colasante*, 81 F. Appx at 613)(quoting Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996)).

As stated above, Plaintiff does not argue good cause existed, and the undersigned magistrate judge agrees with Defendant that Plaintiff did not make a showing of good cause. A court may find good cause when:

> (1) the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, (2) the defendant has evaded service of the process or engaged in misleading conduct, (3) the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or (4) the plaintiff is proceeding pro se or in forma pauperis.

*Kurka*, 628 F.3d at 957 (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d ed. 2002)). None of the above factors exist in this case justifying a showing of good cause. Accordingly, the undersigned will next consider whether Plaintiff has made a showing of excusable neglect warranting a discretionary extension of time for service.

Plaintiff asserts she failed to complete service in 90-days due to the mistaken belief that she had 120-days to serve the summons and because Plaintiff's counsel failed to properly supervise a paralegal. The 2015-2016 amendments to the Federal Rules of Civil Procedure reduced the time a plaintiff has to serve the defendant from 120-days to 90-days. Plaintiff's counsel apparently has not kept up with the amendments to the Federal Rules of Civil Procedure, but argues this neglectful mistaken belief is excusable. "To warrant a discretionary extension, the plaintiff must establish excusable neglect." *Kurka*, 628 F.3d at 957. "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010)(quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993)).

Undoubtedly, Plaintiff's failure to request and serve summons in 90-days was a mistake, particularly where the amendment to Rule 4(m) had been in effect for almost two years. But ultimately, the determination of excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Chorosevic*, 600 F.3d at 946. The Eighth Circuit generally looks at the following factors for determining excusable neglect: "(1) the possibility of prejudice to the defendant, (2) the length of delay and the potential impact on judicial proceedings, (3) the reason for delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Kurka*, 628 F.3d at 959.

First, there is little to no prejudice to Defendant in allowing a discretionary extension, nor does Defendant allege that it was prejudiced by the delay. See, e.g., *Martin v. Brentwood Indus.*, 2016 WL 6404087, at *3 (W.D. Ark. Oct. 26, 2016)(finding no prejudice to the defendant when the defendant did not allege it was prejudiced). Additionally, Plaintiff's delay was so brief, it is

4

hard to see how Defendant could be prejudiced even had it alleged it was prejudiced. More importantly, the prejudice to Plaintiff would be greater than the prejudice to Defendant. See *Kurka*, 628 F.3d at 959 ("[B]ecause the judicial preference for adjudication on the merits, which goes to the fundamental fairness of the adjudicatory process, is implicated here, the district court must weigh the effect on the party requesting the extension against the prejudice to the defendant."). If the Court were to dismiss Plaintiff's Complaint rather than granting Plaintiff a discretionary extension, Plaintiff could nevertheless not refile her Complaint, as all of her claims would be time-barred. See, e.g., *Ballegooyen v. Brownson*, 2016 WL 5794719, at *4 (D.S.D. Sept. 30, 2016) (finding the prejudice factor heavily weighing in plaintiffs' favor when refusal of an extension of time would completely bar the plaintiffs from pursuing their claims). This factor weighs heavily in Plaintiff's favor.

Second, there is no suggestion that the length of delay will have any significant impact on these proceedings. Length of delay alone is insignificant if it does not significantly disrupt judicial proceedings. *Cf. Colasante*, 81 F. App'x at 613 (finding one-day delay was inexcusable not solely on its length, but because one day significantly disrupted judicial proceedings). In this case, the Court entered its show cause order on January 1, 2018, 98-days after Plaintiff filed her Complaint. Plaintiff requested summons the very next day, and returned summons executed eight days later, purporting to show Defendant was served on February 1, 2018, a total of 101 days after filing the Complaint.[2] An eleven-day delay to effectuate service of process does not have a significant impact on judicial proceedings.

The third and fourth factors also weigh in Plaintiff's favor. The third factor, the reason for delay, is generally a key factor in the analysis. *Kurka*, 628 F.3d at 959. In this case, Plaintiff's delay was due to a mistaken belief that the old Federal Rules of Civil Procedure were in place. Previously, Rule 4(m) provided a plaintiff with 120-days to serve a defendant, while the present Rule requires a plaintiff to serve a defendant within 90-days after filing the complaint. While this failure to serve was under the party's reasonable control, it appears that Plaintiff is guilty of a simple mistake. See, e.g., *Blackwell v. Paramount Petroleum LLC*, 2015 WL 13637142, at *2 (E.D. Ark. June 9, 2015)(finding excusable neglect when the plaintiff's delay of service was due to a "miscalculation of the deadline," which is a "simple mistake"). Unlike the plaintiff in *Kurka*, who made false representation to the district court, in this case,

---

[2] The sufficiency of this service of process is addressed in the discussion of Defendant's Motion to Dismiss, below.

5

Plaintiff acted in good faith. See *Kurka*, 628 F.3d at 956. A day after receiving the order to show cause, Plaintiff requested summons. The summons was returned executed eight days later. Plaintiff's service of summons was still within the previous 120-day standard Plaintiff believed to be in place. Here, Plaintiff's delay came from a simple mistake and not any abrogation of a duty, a pattern of misconduct, or from procrastination. See, e.g., *Colasante v. Wells Fargo Corp.*, 211 F.R.D. 555, 561 (S.D. Iowa 2002), *aff'd sub nom. Colasante v. Wells Fargo Corp.*, 81 F. App'x 611 (8th Cir. 2003)("Plaintiff has not exhibited faithfulness to his duty and obligation of timely service. He did not take necessary steps to facilitate communication with his counsel so that the litigation could be pursued in a timely fashion. He waited until two days before the 120–day deadline to arrange for service. The Complaint incorrectly names the Defendant. He missed the filing deadline for his [state] claim, serving Defendant 121 days after the Complaint was filed. Despite two extensions, his resistance to the current motions was filed one day beyond the final extension. [A]t some point, a litigant must bear the consequences of conscious strategic or tactical decisions.").

For these reasons, the undersigned magistrate judge finds that although Plaintiff has not demonstrated good cause, Plaintiff has shown excusable neglect for failure to complete service in 90-days, and thus the Court grants Defendant a discretionary extension of time to serve process under Fed. R. Civ. P. 4(m). Accordingly, Defendant's motion to reconsider is granted only insofar as the undersigned magistrate judge found that Plaintiff had shown good cause for her failure to timely serve Defendant under Fed. R. Civ. P. 4(m).

## II. Motion to Dismiss

Defendant has moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) for insufficiency of process and insufficiency of service of process. In the alternative, Defendant has moved to dismiss, at a minimum, Counts 2, 4, 6, and 8 of the Complaint under Rule 12(b)(6) because Plaintiff failed to file her NEOC claims within the applicable statute of limitations.

### A. Untimely Service

First, Defendant argues Plaintiff's complaint should be dismissed for failure to serve within 90-days. As discussed above, the undersigned magistrate judge finds there was excusable

neglect for Plaintiff's delayed service of Defendant, and therefore granted Plaintiff a discretionary extension. Accordingly, the undersigned recommends Defendant's Motion to Dismiss be denied to the extent it is based on timeliness of service under 4(m).

### B. Insufficient Process and Insufficient Service of Process

Defendant next argues Plaintiff's Complaint must be dismissed for insufficient process and insufficient service of process. Fed. R. Civ. P. 4(j)(2) provides that "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by . . . serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under Nebraska law, "any county, city, or village of this state may be served by personal, residence, certified mail, or designated delivery service upon the chief executive officer, or clerk." Neb. Rev. Stat. § 25-510.02. In this case, Plaintiff chose to serve summons by certified mail. Nebraska law permits "service by certified mail with a return receipt requested showing to whom and where delivered and the date of delivery, and . . . filing with the court proof of service with the signed receipt attached. Neb. Rev. Stat. § 25-505.01(1)(c).

Plaintiff addressed the summons to the following address: "Sarpy County; 1210 Golden Gate Dr.; Papillion, NE 68046." (Filing No. 17-2). Plaintiff omitted the word "Clerk" and the Sarpy County Clerk of Court's suite number. According to the return receipt, DyAnn Schmiedt, an employee of the State of Nebraska at the Clerk of the County Court for Sarpy County received and signed for the certified mail on February 1, 2018. (Filing No. 7 at p. 2; Filing No. 12-2 p. 1 at ¶ 4). Because Plaintiff did not address the certified mail to the actual Clerk of Sarpy County, Defendant argues Plaintiff's service was defective. See Neb. Rev. Stat. § 25-505.01(1)(c).

"Although a defect in service may result in the dismissal of the improperly served person, a court has broad remedial power to correct the service, especially where justice demands and prejudice would not result to the improperly served parties." *Mendoza v. Osterberg*, 2014 WL 3784122, at *3 (D. Neb. July 31, 2014)(citing *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976)). In addition, "a motion to dismiss for insufficiency of service may be denied where there has been substantial compliance with Rule 4, the mistake was innocent, and the defendant was

7

not prejudiced." *Nebraska v. Stabl, Inc.*, 2016 WL 6993759, at *5 (D. Neb. Nov. 29, 2016) (citing *Mendoza,* WL 3784122, at *3).

      The undersigned magistrate judge finds that Plaintiff has substantially complied with Fed. R. Civ. P. 4(j)(2) and Neb. Rev. Stat. §§ 25-505.01 and 25-510.02. First, Plaintiff did not mail summons to the wrong address. Defendant's actual address was on the summons, though Plaintiff omitted the word "Clerk" and the precise suite number. Additionally, though two minor details were missing on the address, it is apparent that Defendant received actual notice of the action, as Defendant filed its motion to dismiss some fifteen days after the summons was received by the clerk's office in the Sarpy County building. Finally, as discussed above, there is no suggestion that Defendant has been prejudiced by the error. See *Herzog v. Wiche*, 2008 WL 4754152, at *2 (D. Neb. Oct. 29, 2008)(denying a motion to dismiss under Rule 12(b)(5) because the defendant "received actual notice of the action, and there has been no showing that she was prejudiced by the manner of service"); *Centennial Molding, LLC v. Tote-A-Lube*, 2005 WL 2076509, at *3 (D. Neb. Aug. 26, 2005)(citing *Minnesota Mining and Mfg. Co. v. Kirkevold,* 87 F.R.D. 317, 324 (D.Minn.1980))(concluding that when actual notice is received, the rules governing service should be "liberally construed to uphold the service"). See also, *Mendoza,* 2014 WL 3784122 at *3 (citing *Myrtle v. Graham*, 2011 WL 446397 (E.D. La. 2011))("[D]ismissal should not result when plaintiff made good faith attempt to comply with rules for service and defendant did not demonstrate prejudice or lack of actual notice."). Accordingly, because Defendant received actual notice of this action, because Plaintiff appears to have made an innocent mistake, and because Defendant has not been prejudiced, the undersigned magistrate judge finds and recommends that the motion to dismiss for insufficient process and service of process be denied.

### C. Statute of Limitations on State Law Claims

      In the event its motion to dismiss is otherwise denied, Defendant argues that, at a minimum, Plaintiff's state law claims under NFEPA must be dismissed because Plaintiff did not file them within 90-days of receiving notice, pursuant to Fed. R. Civ. P 12(b)(6). Accordingly, Defendant moves the Court to dismiss Counts 2, 4, 6 and 8. The undersigned magistrate judge agrees and finds and recommends that Counts 2, 4, 6, and 8 of Plaintiff's Complaint be dismissed as time-barred.

Pursuant to Neb. Rev. Stat. § 48-1120.01, "the deadline for filing an action directly in the district court is ninety days after the complainant receives notice of the last action the commission will take on the complaint or charge." Neb. Rev. Stat. § 48-1120.01. A district court must dismiss a plaintiff's state law claims when the plaintiff fails to file a complaint within 90-days after receiving notice of the NEOC's determination. *Hohn v. BNSF Ry. Co.*, 707 F.3d 995, 1001 (8th Cir. 2013). Similar to this case, in *Hohn,* the plaintiff filed an employment discrimination charge with the NEOC and with the EEOC. Thereafter, the plaintiff commenced a lawsuit in federal court within 90-days after receiving the EEOC's letter, but more than 90-days after the NEOC made its final determination. Because the plaintiff did not file a lawsuit for his state law claim under NFEPA within 90-days of the NEOC's final determination, the Eighth Circuit found that the district court should have dismissed that claim. *Id.* at 1000-01.

Subsequent to *Hohn*, Nebraska district courts routinely dismiss state-based claims when a plaintiff fails to commence a lawsuit within 90-days after receiving notice of the NEOC's determination. See, e.g., *Worlds v. Midwest Demolition Co.*, 2017 WL 1283477, at *2 (D. Neb. Apr. 5, 2017)(dismissing state law claims filed three years after receiving NEOC notice); *Bieler v. Cardinal Health 200, LLC*, 2016 WL 2626862, at *2 (D. Neb. May 6, 2016)(dismissing state law claims filed 153-days after receiving NEOC notice); *Birge v. Nebraska Med.*, 2017 WL 773525, at *2 (D. Neb. Feb. 27, 2017)(dismissing state law claims filed 171-days after receiving NEOC notice).

In this case, the NEOC issued its final determination of "no reasonable cause" and closed the charge on March 21, 2017. (Filing No. 12 at p. 2). The NEOC letter notified Plaintiff that "[T]he deadline for filing an action directly in state district court is 90 days after receipt of this notice." (Filing No. 12-1 at p. 2). Plaintiff did not file this action until October 23, 2017, some 216 days after the NEOC issued its final determination. Accordingly, Plaintiff's state law claims pursuant to NFEPA should be dismissed.

Plaintiff argues her state law claims are timely under Neb. Rev. Stat. § 20-148, which does not require exhaustion of administrative remedies. However, this statute does not apply to political subdivisions. See Neb. Rev. Stat. § 20-148(1); see also, *Biby v. Bd. of Regents of Univ. of Nebraska at Lincoln*, 340 F. Supp. 2d 1031, 1036 (D. Neb. 2004), *aff'd,* 419 F.3d 845 (8th Cir. 2005)(finding Neb. Rev. Stat. § 20-148 is limited only to private acts of discrimination by private employers); *Buzek v. Pawnee Cty., Nebraska*, 207 F. Supp. 2d 961, 965 (D. Neb. 2002)("[A]n

9

action cannot be brought against the county under § 20–148."). A political subdivision includes counties. Neb. Rev. Stat. § 13-903(1). Defendant Sarpy County is a Nebraska county and therefore a "political subdivision" exempted under Neb. Rev. Stat. § 20-148. Therefore, Plaintiff cannot bring her state claims pursuant to Neb. Rev. Stat. § 20-148. Because Plaintiff did not file state law claims within 90-days, and because § 20-148 does not apply, her state law claims are untimely. Accordingly, the undersigned magistrate judge recommends that Counts 2, 4, 6, and 8 of Plaintiff's Complaint should be dismissed for failure to file them within 90-days after receiving a determination letter from the NEOC.

For the foregoing reasons,

**IT IS ORDERED** that the Statement of Objections to Magistrate Judge's Order (Filing No. 14), which the Court construes as a Motion to Reconsider, be granted, in part, as set forth above.

**IT IS HEREBY RECOMMENDED** to the Honorable Joseph F. Bataillon, Senior United States District Court Judge, that the Motion to Dismiss Complaint (Filing No. 10) be granted, in part, and in part denied, and that Counts 2, 4, 6, and 8 of Plaintiff's complaint be dismissed as untimely.

Dated this 15th day of June, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

**ADMONITION**

A party may object to a magistrate judge's order and findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the order and findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.